Filed 2/26/13  P. v. Aguilar CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E054973 |
| v. | (Super.Ct.No. FVA1001458) |
| OSCAR ARMANDO AGUILAR, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed in part; reversed in part.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury convicted defendant and appellant Oscar Armando Aguilar of five counts of aggravated sexual assault of a child (Pen. Code, § 269, subd. (a)(1), counts 1-5)[1], two counts of rape by means of force, violence, or duress (§ 261, subd. (a)(2), counts 6 & 8), and two counts of unlawful sexual intercourse with a minor (§ 261.5, subd. (d), counts 7 & 9).  The trial court sentenced defendant to eight years in state prison on count 6, and imposed six years on count 8 to run consecutive to count 6; then, as to counts 7 and 9, the court imposed one consecutive year on each count, for a total determinate sentence of 16 years.  The court also imposed a 15-year-to-life term on each of counts 1 through 5, to run consecutive to each other and to the determinate term.  Therefore, defendant received a total determinate term of 16 years, plus an indeterminate term of 75 years to life.

On appeal, defendant contends that:  (1) the convictions on counts 7 and 9 should be reversed because the statute of limitations had run on them by the time the information was filed; and (2) this court should review the sealed rap sheets of the main prosecution witnesses to determine whether those witnesses committed crimes involving moral turpitude that could have been used to impeach them.  The People concede and, we agree, that counts 7 and 9 should be reversed.  Otherwise, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Jane Doe was born in 1988.  When she was five years old, her mother, Virginia A. (mother), entered into a dating relationship with defendant.  Doe, mother, and defendant

---

[1]  All further statutory references will be to the Penal Code, unless otherwise noted.

began living in the same house. In 1996, defendant and mother had a daughter together named C.

The dating relationship between mother and defendant ended in 1998. However, mother allowed defendant to continue seeing Doe and C. so he could help take them to school and watch them after school. Right before Doe turned 10 years old, defendant raped her at mother's house. A week later, he raped her again. After that, defendant raped Doe on a daily basis, Monday through Friday. He would either do it after he picked her up from school, or some days he would pick her up in the morning, but instead of taking her to school, he would rape her. Defendant threatened to kill mother and C. if Doe resisted or told anyone about what he was doing.

For the next few years, defendant continued to rape Doe, on nearly a daily basis during the week. When she refused, he would grab her wrists and bite her cheeks. He also got a gun and would show it to her and tell her he was going to use it to kill her mother and sister.

Defendant stopped raping Doe when she was 15 years old. Mother had a new boyfriend who did not want defendant around. Her boyfriend stopped the arrangement mother had with defendant transporting Doe and C. to and from school. In 2006, when Doe was 18 years old, she finally told mother that defendant had forced her to have sex with him from the age of nine to the age of 15. She also reported it to the police.

On September 17, 2010, the prosecution filed a felony complaint charging defendant with five counts of continuous sexual abuse. (§ 288.5, subd. (a), counts 1-5.) The abuse was alleged to have occurred between February 1, 1998 and May 17, 2002.

3

After the preliminary hearing on October 4, 2010, defendant was charged by information with the same five counts.

On July 8, 2011, the prosecution filed a first amended information alleging five counts of aggravated sexual assault of a child under the age of 14.  (§ 269, subd. (a)(1), counts 1-5.)  As with the original information, all five counts related to conduct involving Doe and was alleged to have occurred between February 1, 1998 and May 17, 2002.

On September 12, 2011, the prosecution filed a second amended information, which again alleged five counts of aggravated sexual assault of a child under the age of 14.  (§ 269, subd. (a)(1), counts 1-5.)  The information also alleged that defendant was 10 and more years older than Doe.  All five counts related to conduct involving Doe and were alleged to have occurred between February 1, 1998 and May 17, 2002.

On September 15, 2011, the prosecutor filed a third amended information and added four additional counts.  Count 6 alleged that defendant committed forcible rape of Doe (§ 261, subd. (a)(2)), and count 7 alleged that defendant engaged in unlawful sexual intercourse with Doe (§ 261.5, subd. (d)).  The conduct in counts 6 and 7 was alleged to have occurred between May 18, 2002 and May 17, 2003.  Count 8 alleged that defendant engaged in the forcible rape of Doe (§261.5, subd. (d)) between May 18, 2003 and May 17, 2004.  Count 9 alleged that defendant engaged in unlawful sexual intercourse with Doe (§ 261.5, subd. (d)) between May 18, 2003 and May 17, 2004.  Defense counsel objected to the amendment of the information as being untimely.  However, the trial court permitted the prosecution to file the amended information, based on the support of the additional charges in the preliminary hearing transcript, the apparent lack of prejudice to

4

defendant with regard to the additional charges, and the fact that defense counsel had notice of the additional charges.

On September 22, 2011, the jury convicted defendant on counts 1 through 9.

ANALYSIS

I. Counts 7 and 9 Were Barred by the Statute of Limitations

Defendant was charged and convicted of two counts of unlawful sexual intercourse with a minor, in violation of section 261.5, subdivision (d), in counts 7 and 9. Defendant contends that the statute of limitations barred these two counts. The People correctly concede.

Unlawful sexual intercourse in violation of section 261.5, where the perpetrator is at least 21 and the victim is under 16, is punishable by imprisonment in a county jail not exceeding one year or by imprisonment in the state prison for two, three, or four years. (§ 261.5, subd. (d).) For purposes of the statute of limitations, an offense is deemed punishable by the maximum punishment prescribed by statute for the offense. (§ 805, subd. (a).)

Section 801 provides that offenses punishable by imprisonment in the state prison "shall be commenced within three years after commission of the offense." Commencement of prosecution occurs when an information is filed. (§ 804, subd. (a)). Section 803 provides for a tolling or extension of the statute of limitations under certain circumstances and for particular enumerated offenses. However, section 261.5 is not among the enumerated offenses. (See §§ 803, subd. (f)(1), 801.1.) Therefore, the People

5

were required to commence prosecution against defendant for the violations of section 261.5 within three years of the date he committed the offenses.  (§ 801.)

The conduct alleged in count 7 occurred during a period between May 18, 2002 and May 17, 2003, and the conduct alleged in count 9 occurred during a period between May 18, 2003 and May 17, 2004.  Thus, the latest that the People could have commenced prosecution was May 17, 2006 for count 7 and May 17, 2007 for count 9.  Defendant was not charged with counts 7 and 9 until the third amended information, which was filed on September 15, 2011.  Since those charges were not filed until 2011, they were untimely.  Accordingly, counts 7 and 9 were time-barred and should be reversed.

## II.  The Rap Sheets Do Not Reveal Crimes of Moral Turpitude

Defendant requests that this court review the sealed rap sheets of Doe and mother to see if the trial court erred in determining that they had not committed any crimes involving moral turpitude.  We find no error.

The prosecution here gave the trial court copies of the rap sheets of Doe and mother.  The court reviewed them and stated there were no allegations of any crimes involving moral turpitude.  The court then put the rap sheets "under seal in the court file for potential appellate review."

Defendant subsequently moved this court to augment the record with the sealed rap sheets and to unseal them.  This court granted the motion to augment the record, but declined to unseal the rap sheets.  Instead, we agreed to review the rap sheets and determine which parties should receive copies.  We then directed the clerk to send copies of the rap sheets to counsel for respondent only.

Upon review of the rap sheets of Doe and mother, we conclude that the court properly determined that there were no allegations of crimes involving moral turpitude.

DISPOSITION

The convictions and resulting sentences on counts 7 and 9 are reversed, as they are barred by the applicable statute of limitations in section 801. We direct the superior court clerk to correct the abstract of judgment to reflect that the convictions and sentences for counts 7 and 9 are reversed, and to forward a corrected copy of the abstract to the Department of Corrections and Rehabilitation. In all other respects, we affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.